**UNITED STATES of America, Plaintiff,**

v.

**Lawrence THOMAS, et al., Defendants.**

**No. 93 CR 294.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 21, 1994.

L. Felipe Sanchez, U.S. Atty., Matthew Schneider, Kathleen Murdock, Asst. U.S. Attys., U.S. Attorney's Office, Chicago, IL, for U.S.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, Douglas P. Roller, Roller & Associates, Naperville, IL, Linda Amdur; Robert A. Loeb; Edward Marvin Genson, Genson, Steinback & Gillespie; Donna Ann Hickstein–Foley, Athas, Foley, Kowal & Bridge; Thomas Michael Breen, Martin, Breen & Merrick; Gerardo Solon Gutierrez, Chicago, IL, John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, Robert Lee Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, Joseph R. Lopez; Luis M. Galvan, Federal Defender Program; Dennis P.W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C.; Edna Selan Epstein, Law Offices of Edna Selan Epstein; Leland Edward Shalgos; and Steven Allen Greenberg, Steven A. Greenberg, Ltd., Chicago, IL, for defendants.

*ORDER*

ALESIA, District Judge.

On June 24, 1994, the court granted defendant Lawrence Thomas' motion for determination of mental competency to stand trial. 18 U.S.C. § 4241(a). Accordingly, the court ordered that defendant Thomas undergo psychiatric and psychological examinations at the Isaac Ray Center.

On December 12, 1994, the court received a report of an evaluation of psychological factors impacting on Mr. Thomas' competency to stand trial and mental state at the time of his alleged criminal activity. The report was prepared by Linda F. Gruenberg, D.O., Forensic Fellow at the Isaac Ray Center. Her basis for her report and conclusions was a series of psychological interviews between Thomas and her, plus her review of psychiatric records, the indictment, FBI and police reports, and an interview with Thomas' sister. Also reviewed and relied upon by Dr. Gruenberg was a report of a psychological testing battery by Orest Wasyliw, Ph.D., Senior Clinical Psychologist at the Isaac Ray Center. Dr. Gruenberg includes the report of Dr. Wasyliw with her report. The court has carefully reviewed both reports.

Based upon its review of the reports, the court finds Thomas is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). The court finds Thomas is mentally competent to stand trial within the meaning of 18 U.S.C. §§ 4241, 4247.

No hearing was necessary to reach this conclusion. A hearing is necessary only where the court finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see also United States v. Rainone,* 32 F.3d 1203, 1207–08 (7th Cir.1994). Based on the submissions from Drs. Gruenberg and Wasyliw, who both conclude defendant is mentally competent to stand trial, the court finds there is no reasonable cause to believe defendant Thomas is incompetent and that an evidentiary hearing on defendant Thomas' competency is unnecessary.